**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT E. BARBER,

       Petitioner - Appellant,

v.

DAVID McKUNE, Warden, and
DEREK SCHMIDT, Attorney General
of the State of Kansas,

       Respondents - Appellees.

No. 14-3144
(D. of Kan.)
(D.C. No. 5:13-CV-03040-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

Robert Barber, a Kansas state prisoner proceeding *pro se*,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his petition for a writ of habeas corpus. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Barber is proceeding *pro se*, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I. Background

Barber was convicted of attempted murder in Kansas state court, and is serving a 620-month sentence. Barber filed a direct appeal and applied for state post-conviction relief pursuant to K.S.A. 60–1507, both of which were denied by the Kansas Court of Appeals (KCOA). *See Barber v. State*, No. 105,547, 264 P.3d 1060, 2011 WL 6385646 (Kan. Ct. App. Dec. 16, 2011) (unpublished table opinion); *State v. Barber*, No. 95,038, 157 P.3d 6, 2007 WL 1309602 (Kan. Ct. App. May 4, 2007) (unpublished table opinion). The Kansas Supreme Court denied review of both matters.

Barber subsequently filed a federal habeas petition pursuant to 28 U.S.C. § 2254. The district court denied the petition and a COA. Barber applied for a COA here, making three arguments: (1) ineffective assistance of appellate counsel for failure to furnish a complete record on direct appeal, (2) a violation of due process and his Sixth Amendment right to a speedy trial caused by a nine-month delay between his arrest and preliminary hearing, and (3) a violation of due process due to the prosecutor's conflict of interest.

# II. Discussion

A COA is a jurisdictional prerequisite to our review of a § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A). For a COA to issue, the applicant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing "requires a demonstration that . . . reasonable

-2-

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dodd v. Trammell*, 753 F.3d 971, 999 (10th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a habeas petitioner seeks a COA on claims initially decided on the merits by a state court, the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) "deferential treatment of state court decisions must be incorporated into our consideration of his request for a COA." *Id.* at 999 (quoting *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004)) (alterations omitted). Under AEDPA, a habeas petitioner "is not entitled to relief unless he can demonstrate that the state court's resolution of his claims was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1), (2)). Accordingly, a "COA may be granted only if reasonable jurists could debate whether the petitioner might be eligible for habeas relief—i.e., in a case governed by § 2254(d), whether the state court's decision on the merits of the petitioner's constitutional claim was unreasonable or ran contrary to clearly established federal law." *Dockins*, 374

F.3d at 937–38. Applying this standard, we deny a COA on all of Barber's claims.

Barber first seeks a COA on his claim that "his appellate counsel was ineffective for failing to identify and provide a record on appeal sufficient to permit the KCOA to review two key motions denied by the district court: his motion to remove the prosecutor based on a conflict of interest, and his motion to continue the jury trial in order to produce a ballistics expert." R., Vol. 1 at 126 (D. Ct. Op. at 14). On direct appeal, the KCOA did not reach Barber's claims regarding the trial court's denial of a continuance or the trial court's denial of Barber's motion to remove the prosecutor because Barber's counsel had not furnished a record that affirmatively established any error. In his petition for state post-conviction relief, Barber alleged his counsel's failure to do so amounted to ineffective assistance. The KCOA denied relief because it found Barber had not made the requisite showing of prejudice. Applying AEDPA deference, the district court held the KCOA reasonably found no prejudice because had "the omitted records . . . been included in the record on appeal and the issues had been addressed on the merits, Petitioner would not have prevailed." *Id.* at 130.

Review by federal habeas courts of a state court's decision on a petitioner's ineffective assistance of counsel claim is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). We "take a highly deferential look at

counsel's performance through the deferential lens of § 2254(d)." *Id.* (internal quotation marks and citations omitted). In his combined opening brief and application for a COA, Barber does not address the KCOA's or the district court's finding of no prejudice. He argues only that appellate counsel's conduct was constitutionally deficient. Thus, "[w]e see no room for reasonable debate with the district court's conclusion that Petitioner has failed to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dockins*, 374 F.3d at 940 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)) (internal quotation marks omitted). Accordingly, we deny a COA on Barber's ineffective assistance of appellate counsel claim.

Barber also seeks a COA on his claim that the nine-month delay between his arrest and the preliminary hearing violated his Sixth Amendment right to a speedy trial.[2] The KCOA made the following factual findings regarding the scheduling of the preliminary hearing in Barber's case:

> The scheduling of the preliminary hearing became a major obstacle in the case. The preliminary hearing, originally set for April 21, 2004, was continued to May 6, 2004, at the parties' joint request. It was continued further at the State's request to July 16, 2004, due to the inability of the State to subpoena two material witnesses for the May 6, 2004, hearing. Barber did not object to this continuance. At Barber's request the court again continued the preliminary hearing and scheduled

---

[2] Barber also asserts that the delay violated his due process rights. His habeas petition did not assert a due process violation, however, and the due process argument is therefore waived.

a status conference on July 26, 2004. At that status conference the preliminary hearing was rescheduled for October 15, 2004. In the meantime, Barber's counsel moved for leave to withdraw, which was granted on October 7, 2004. New counsel was appointed for Barber, requiring another continuance of the preliminary hearing which was only a week away. The court rescheduled the preliminary hearing for November 17, 2004. In the interim Barber's second counsel was replaced by a third attorney. Nevertheless, the preliminary hearing went forward as scheduled on November 17, 2004, and Barber was bound over for trial.

R., Vol. 1 at 133–34 (D. Ct. Op. at 21–22). In December 2004, Barber moved to dismiss based on the delay, which the trial court denied.

The KCOA found the trial court properly denied Barber's speedy trial claim after balancing the factors set out by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972).[3] Specifically, the trial court had found the nine-month delay was for just cause and unavoidable, almost all of the delays were at the request of Barber or his counsel or were agreed to by his counsel, Barber had not asserted the right until December 2004, and there was no prejudice caused by the delay. The district court denied habeas relief because it found the KCOA's factual findings were reasonable and it had correctly identified and reasonably applied the relevant clearly established Federal law to those facts.

---

[3] Under the analysis established by the Supreme Court in *Barker*, courts are to assess a speedy trial claim by balancing: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. *Jackson v. Ray*, 390 F.3d 1254, 1260 (10th Cir. 2004) (citing *Barker*, 407 U.S. at 530).

Nothing in Barber's argument in his application for a COA establishes that the district court's denial of relief was debatable or wrong. *See Jackson v. Ray*, 390 F.3d 1254, 1260 (10th Cir. 2004) ("Habeas relief is only available if there is no possible balancing of the [*Barker*] factors that both supports the [state court's] decision and is not contrary to clearly established Supreme Court precedent."). He focuses his argument on (1) the alleged lack of a record memorializing why the trial court granted his former defense counsel's requested continuances and (2) that he was prejudiced as a result of the delay. But as the district court correctly stated, "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *see also Jackson*, 390 F.3d at 1260–61. And Barber points to nothing that would lead us to conclude that the KCOA or the district court erred in concluding that the nine-month delay was not presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."); *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994) (holding a seven and a half month delay was not presumptively prejudicial and collecting cases). Barber's arguments go to the second and fourth *Barker* factors—the

reason for delay and whether the delay was prejudicial—which we need not reach.[4]  We therefore deny a COA on Barber's speedy trial claim.

Finally, Barber seeks a COA on his claim that the prosecutor in his trial had a conflict of interest resulting in a violation of his due process rights.  The prosecutor had served as Barber's defense counsel eight years prior in a jury trial on unrelated firearm and assault charges.  As already noted, the KCOA did not reach the alleged due process violation on direct appeal because Barber's counsel failed to supply a transcript of the trial court's ruling on Barber's motion to remove the prosecutor.  The KCOA relied on well-established Kansas law that it is the appellant's burden to supply a record that affirmatively demonstrates error. *See, e.g.*, *State v. Bryant*, 179 P.3d 1122, 1130 (Kan. 2008); *State v. Ruff*, No. 90, 907, 169 P.3d 342, 2007 WL 3147222, at *3 (Kan. Oct. 26, 2007) (unpublished table opinion)*; State v. Johnson*, 159 P.3d 161, 174 (Kan. 2007); *State v. Holmes*,

---

[4]  Were we to consider these arguments, Barber would still not be entitled to a COA.  Barber takes issue only with the continuances granted to his own counsel.  The Supreme Court has made clear that "[b]ecause the attorney is the defendant's agent when acting, or failing to act, in furtherance of the litigation, delay caused by the defendant's counsel is . . . charged against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90–91 (2009) (internal quotation marks and alterations omitted).  Therefore, were we to reach the second *Barker* factor, we would not evaluate the reasons for the delays attributed to Barber himself.  *See United States v. Souza*, 749 F.3d 74, 82 (1st Cir. 2013) ("For those delays caused by the government, we must evaluate the underlying reasons . . . ."); *United States v. Battis*, 589 F.3d 673, 680 (3d Cir. 2009) ("In evaluating [the second] factor, we subtract the amount of delay caused by the defendant from the delay caused by the Government.").  As to his claim of prejudice, Barber does not make any showing that the state court's finding of no prejudice was contrary to, or involved an unreasonable application of, clearly established Federal law.

-8-

102 P.3d 406, 423 (Kan. 2004); *State v. Decker*, 66 P.3d 915, 920 (Kan. 2003); *State v. Bradish*, No. 107, 415, 303 P.3d 726, 2013 WL 3455783, at *4 (Kan. Ct. App. July 5, 2013) (unpublished table opinion). Without a record that demonstrates otherwise, Kansas courts presume the trial court acted properly.

Because the state court's decision rested on an independent and adequate state law ground, the district court held the claim was procedurally barred from federal habeas review. Although a petitioner may overcome the procedural bar by establishing cause for the default and actual prejudice or if denying review would result in a fundamental miscarriage of justice, the district court found Barber failed to make the requisite showing under either exception. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Barber has not shown that the district court's conclusion that an independent and adequate state law ground existed[5] or that he was not entitled to relief under an exception to the procedural bar were debatable or wrong. Accordingly, we deny a COA on this claim.

---

[5] We do not construe Barber's argument as challenging independence and adequacy. Barber does not contend that it is not well-established under Kansas law that it is the appellant's burden to furnish a record that establishes prejudicial error. Rather, he argues that the KCOA improperly relied on a Kansas Supreme Court case, *State v. Holmes*, 102 P.3d 406 (Kan. 2004), that he alleges was later overturned. The later Supreme Court case cited by Barber, however, merely clarified that any reference in its prior opinion to the burden being on the appellant-individual to provide the record was meant to refer to the individual as represented by counsel. *Holmes v. State*, 252 P.3d 573, 581 (Kan. 2011). It did not abrogate the rule that it is the burden of the appellant to furnish the record. Nor do we read the KCOA's opinion to have insinuated that it was Barber's personal burden, rather than his counsel's, to furnish the record.

## III. Conclusion

For the foregoing reasons, we **DENY** Barber's request for a COA and **DISMISS** this appeal.  His motion to proceed *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge